[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDERS REGARDING CUSTODY AND PARENTING ACCESS
1. CUSTODY: The plaintiff and defendant shall have joint legal and physical custody of the minor child, Nicole Trombly, born June 10, 1999.
2. PARENTING ACCESS:
The Father shall have reasonable, flexible and liberal parenting time and access to the minor child to include, but not be limited to, the following:
A. WEEKLY:
 The first, second and fourth weekend of each month, commencing Friday at 10:00 a.m. to Monday at 7:00 p.m. On the week the Father does not have weekend overnight visitation then he shall have access to Nicole on Friday from 9:00 a.m. to 7:00 p.m. and the following Monday from 9:00 a.m. to 7:00 p.m.
 B. VACATION:
 Each party shall have two weeks (non-consecutive) of vacation with the minor child throughout the year. A week of vacation consists of seven consecutive days. The parent with the vacation time shall provide the address and telephone number to the other parent in advance of the vacation and permit the minor child reasonable phone contact (3 times during the week) with the other parent during that vacation time. Each party shall notify the other two months in advance, in writing, indicating the two weeks they will be exercising their vacation time with the minor child.
VACATION TIME SHALL TAKE PRECEDENCE OVER REGULARLY SCHEDULED PARENTINGACCESS.
 C. HOLIDAY VISITATION:
CT Page 14621
 Every Mother's Day shall be spent with the Wife commencing at 10:00 a.m. and ending at 7:00 p.m. if the holiday falls on the Husband's weekend for parenting access.
 Every Father's Day shall be spent with the Husband commencing at 10:00 a.m. and ending at 7:00 p.m. if the holiday falls on the Wife's weekend for parenting access.
All major holidays shall be alternated by the parties on a yearly basis as follows:
Thanksgiving: with the Wife in 2002 from 10:00 a.m. until 7:00 p. m;
 Christmas Eve — with the Wife in 2002 from 12 noon to 10:00 p.m.;
 Christmas Day — with the Husband in 2002 from 10:00 p.m. Christmas evening until 8:00 p.m. December 25th;
 New Year's Eve — with the Wife in 2002 from 10:00 a.m. until 7:00 p. m;
 New Year's Day — with the Husband in 2003 from 10:00 a.m. until 10:00 a.m. January 2nd;
 Easter 2003 — with the Wife in 2003 from 10:00 a.m. until 7:00 p.m.;
 Thanksgiving — with the Husband in 2003 from 10:00 a.m. until 7:00 p. m;
 Memorial Day — the child will be with the Husband for the entire weekend in 2003 from 10:00 a.m. until 7:00 p. m;
 Fourth of July — the child will be with the Wife for the entire weekend in 2003 from 10:00 a.m. until 7:00 p. m;
 Labor Day — the child will be with the Wife for the entire weekend in 2003 from 10:00 a.m. until 7:00 p.m.
D. RIGHT OF FIRST REFUSAL
If either parent is unable to personally care for the minor child for a period in excess of four hours during his/her parenting time he/she CT Page 14622 shall immediately notify the other parent and provide him/her the opportunity to personally care for the minor child. If he/she is unavailable then the person with parenting responsibility for the child shall be free to make other arrangements for the care of the child. Immediately, for purposes of this paragraph shall be defined as within 12 hours of receiving notice he/she is unable to care for the minor child.
HOLIDAY TIME SHALL TAKE PRECEDENCE OVER REGULARLY SCHEDULED PARENTINGACCESS.
3. MISCELLANEOUS:
Each of the parties will furnish the other copies of any reports from third persons or institutions concerning the health, education, or welfare of the minor child.
The parties shall exert every reasonable effort to maintain free access and unhampered contact between said child and each foster a feeling of affection between said child and the parties hereto. Neither party shall do anything which may estrange said child from the other party or injure the opinion of said child as to her mother or father, or act in such a way as to hamper the free and natural development of said child's love and respect for the other party.
The parties shall have reasonable access to the child while she is with the other party, including free access by mail and access by telephone at 8:00 p.m. for a period of time not to exceed 5 minutes each evening.
It is recognized by the parties that their own personal and business commitments, as well as the commitments of the child, may make modifications or changes in this schedule desirable or necessary. Both parties agree to be reasonable and flexible both with respect to the requesting and consenting to such adjustments. Each party shall make every effort to make time available to the other party with the child to compensate for any time missed by them for any reason. Both parties agree to give as much notice as possible of any anticipated changes in the schedule.
4. CO-PARENTING ASSISTANCE:
The Husband and Wife shall attend the Beacon Behavioral, LLC's, PEACE Program, to facilitate the parties in developing better post dissolution communication regarding the health, education and welfare of their daughter. The Guardian Ad Litem shall contact the PEACE Program on behalf CT Page 14623 of the parents and make the initial appointment for the parties. Thereafter, the parties shall attend the PEACE Program for as long as is recommended by the treating therapist. The cost of the PEACE Program is not covered by insurance and shall be equally shared by both parties. All disputes regarding major decisions affecting the minor child shall be jointly discussed during a PEACE Program session before a decision is made. The court contemplates that the parties shall discuss such issues as the minor child's medical treatment, mental health treatment, preschool enrollment (and any increases in attendance at preschool), and extracurricular activities such as dance and participation in Music for Little People in an effort to reach a mutual decision in these areas.
5. MEDICAL INSURANCE — MINOR CHILD:
The defendant husband shall maintain medical insurance for the benefit of the minor child so long as it is available through his employment. All unreimbursed medical, dental [including orthodontia], psychiatric, psychological, therapeutic, optical, nursing, prescriptive and therapy shall be paid 50% by the defendant husband and 50% by the plaintiff wife. Every effort shall be given to utilize the health providers in the defendant husband's medical insurance plan; however, in an emergency or catastrophic situation, outside providers may be utilized immediately as may be in the best health interest of the child. This is a deviation from the Child Support Guidelines due to the shared parenting arrangement. It shall be ordered that: (1) the signature of either parent shall constitute a valid authorization to the insurer for purposes of processing an insurance reimbursement payment available through the husband's employment, (2) neither parent shall prevent or interfere with the timely processing of any insurance reimbursement claim, and (3) if the parent receiving an insurance reimbursement payment is not the parent who is paying the bill for the services of the medical provider, the parent receiving such insurance reimbursement payment shall promptly pay to the other parent any such reimbursement for such services. For purposes of subdivision (1), the husband is responsible for providing the insurer with a certified copy of the order of dissolution or other order requiring maintenance of insurance. Such insurer may thereafter rely on such order and is not responsible for inquiring as to the legal sufficiency of the order. The husband shall be responsible for providing the insurer with a certified copy of any order which materially alters the provision of the original order with respect to the maintenance of insurance for the child. If presented with an insurance reimbursement claim signed by a parent, such insurer shall reimburse the provider of the medical services, if payment is to be made to such provider under the policy, or shall otherwise reimburse the parent. CT Page 14624
6. LIFE INSURANCE:
The Husband shall name the Wife as trustee for the benefit of the minor child on the existing unencumbered life insurance policy insuring the Husband's life in an amount of at least $1,000,000.00. The Wife shall name the Husband as trustee for the benefit the minor child on the existing unencumbered life insurance policy insuring the Wife's life in an amount of at least $1,000,000.00. Each party shall furnish to the other, per their request, but no more than twice annually, on the first business day in January and on the first business day in July, proof that each is insured in the specified amount and that the beneficiary of said insurance is as required herein. Said proceeds that will be held in trust shall be used by the surviving party to provide for the child in any way that might be deemed to be in her best interest. The parties shall have the right to substitute any insurance for the policies currently in force, provided prior to such substitution, they shall notify the other in writing of the name and the address of the broker, and appropriate endorsements, but no substitution shall in any way permit them to provide less than the death benefits required under this paragraph. In the event that said insurance shall not be maintained in effect at the time of either party's death and in the event the decedent party has not made a bequest in his or her will to the other party as trustee in the amount of $1,000,000.00 then the shortfall or the full amount of the $1,000,000.00 as the case may be shall constitute a charge upon the decedent party's estate and an indebtedness of the estate of the decedent party in favor of the surviving party as trustee to the extent of the provisions of this article. The obligations under this Paragraph shall endure until the child has attained the age of twenty three (23) years.
7. EDUCATIONAL SUPPORT:
Pursuant to Public Act 02-128, the joint Janus account, the Salomon Smith Barney Educational I.R.A., and the child's U.S. Savings Bonds shall be set aside as an educational support account for the minor child. Each party shall contribute the sum of $4,000.00 per year to the account no later than November 30th of each year for the next 14 years. The parties shall be equally responsible for and shall pay the costs of four (4) years of undergraduate college education leading to a bachelor's degree for the parties' minor child under the following terms and conditions: (a) College education costs shall be defined as room and board, dues, tuition, fees, books, registration and application costs and reasonable travel expenses; (b) The parties shall cooperate with one another in providing any information or data required in connection with the application for scholarships; (c) While each party's obligation to pay the costs of a college education is limited to four (4) school years, the CT Page 14625 child shall be entitled to a total of (5) years from matriculation in which to attain her bachelor's degree, provided, however, that each party's financial obligation shall not be enlarged beyond the costs had the child completed her education in four (4) school years; (d) The parties shall not be obligated under this agreement unless the child maintains a minimum 2.0 grade point average (4.0 scale) and is not under any suspension imposed by the institution. In the event, at the conclusion of a semester, the child's grade point average is below 2.0, then neither party would have the obligation to comply with the terms and conditions set forth within this category and their obligation would thereafter cease as it pertains to the college education expenses of the child for the remainder of that school year; (e) The obligation will not continue past the child's twenty-third (23rd) birthday; (f) In the event of a disagreement between the parties as to the college selection, it is expressly understood that the decision of the child as to the selection shall control; (g) The segregated accounts and the monies contributed to the account shall be utilized to pay the expenses outlined in this paragraph; (h) The extent of each party's obligation beyond the accounts expended in (g) above shall not exceed one-half of the college education costs of a full-time in-state student attending The University of Connecticut at Storrs for the period indicated; (i) In the event the fund is not exhausted by the time the child attains the age of twenty three (23) years, it shall be divided equally between the parties.
8. COUNSEL FEES GUARDIAN AD LITEM:
The court finds that the legal fees of Attorney Conway, Guardian Ad Litem at the rate of $200.00 per hour for 92.3 hours, are reasonable. The balance of Atty. Conway's fees in the amount of $7,400.0 shall be paid equally between the parties in full within 30 days of the date of this decision.
9. DEPENDANCY EXEMPTION:
The dependency exemption for the minor child shall be alternated between the parties annually, with the Husband claiming even-numbered years and the Wife claiming odd numbered years. Each party shall sign all documentation necessary to effectuate this.
10. JURISDICTION:
The RFTD shall retain jurisdiction over any post judgement motions involving the custody, parenting access, support and welfare of the minor child for a period of one year from the date of this decision. CT Page 14626
By the Court,
___________________ Holly Abery-Wetstone, PJ CT Page 14627